**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

GAYLA RENEE DOUGAN,                    *
                                       *
                 Plaintiff,            *
v.                                     *
                                       *
CAROLYN W. COLVIN,                     *        No. 3:15CV00362-JJV
Acting Commissioner, Social Security   *
Administration,,                       *
                                       *
                 Defendant.            *

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff, Gayla Dougan, appeals the final decision of the Commissioner of the Social Security Administration denying her claims for disability insurance benefits under Title II of the Social Security Act. On April 21, 2016, I held oral argument at Plaintiff's request. Greg Wallace, Esq., appeared by telephone for Ms. Dougan and Special Assistant United States Attorney Gabriel Bono appeared by telephone for the Commissioner. The attorneys are commended for their diligence and zealous representation of their respective clients in this matter. For reasons set out below, the decision of the Commissioner is REVERSED and REMANDED.

**I.    BACKGROUND**

On February 15, 2015, Ms. Dougan protectively filed for benefits due to intellectual disability. (Tr. 49) Ms. Dougan's claims were denied initially and upon reconsideration. At her request, an Administrative Law Judge ("ALJ") held a hearing on February 11, 2014, where Ms. Dougan appeared with her lawyer. At the hearing, the ALJ heard testimony from Plaintiff and a vocational expert ("VE"). (Tr. 26-47)

The ALJ issued a decision on August 27, 2014, finding Ms. Dougan was not disabled under the Act. (Tr. 11-20) The Appeals Council received additional evidence and denied Ms. Dougan's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-4)

Ms. Dougan, who just turned forty years old, has a high school education and no past relevant work. (Tr. 19, 28-29)

## II.    DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found Ms. Dougan had not engaged in substantial gainful activity since February 15, 2013, and she has "severe" impairments in the form of borderline intellectual functioning and obesity. (Tr. 13)  However, the ALJ found Ms. Dougan did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 14)

According to the ALJ, Ms. Dougan has the residual functional capacity to perform unskilled light work.  (Tr. 16)  The ALJ determined Mr. Dougan had no past relevant work so he called a VE to determine if other jobs existed in significant numbers that Plaintiff could perform despite her impairments. (Tr. 41-45)  Given the VE's testimony, the ALJ concluded Ms. Dougan could perform the jobs of motel housekeeper, cafeteria attendant, document preparer, and surveillance system monitor. (Tr. 109-110)  Accordingly, the ALJ determined Ms. Dougan was not disabled.

## III.    ANALYSIS

### A.    Standard of Review

In reviewing the Commissioner's decision, courts must determine whether there is substantial evidence in the record as a whole to support the decision.[3]  Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[4]

In reviewing the record as a whole, a court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

[3]*Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[4]*Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

reversed "simply because some evidence may support the opposite conclusion."[5]

### B.    Ms. Dougan's Argument for Reversal

Ms. Dougan asserts the ALJ's decision that she is not disabled under Listing 12.05C for intellectual disability is not supported by substantial evidence.  (Doc. No. 12)  At oral argument, Plaintiff specifically argued that the ALJ failed to resolve the conflict about her adaptive behavior deficits.

The applicable Listing states:

> 12.05 Intellectual disability: Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> . . .
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05.

Ms. Dougan underwent a psychological evaluation by George M. De Roeck, Psy.D., and Cara Kriehn De Roeck, LPC, LPE.  (Tr. 220-224)  Plaintiff was assessed to have a verbal IQ of 64, Performance IQ of 64, and a Full Scale IQ of 61.  (Tr. 222)  Given these scores, Ms. Dougan meets the first prong of 12.05C.  And given the fact the ALJ determined she additionally had a "severe" impairment in the form of obesity, Ms. Dougan argues she also meets the second prong of the Listing.  A "severe" impairment, by definition, is an impairment that "significantly limits an individual's physical or mental abilities to do basic work activities."[6]

The ALJ dismissed this argument saying, "the claimant's wide range of adaptive functioning is more consistent when compared to someone whose IQ is higher than the low to mid-60's."  (Tr. 14)  The ALJ relied on Plaintiff activities of daily living and other functional abilities.

---

[5]*Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

[6]SSR 96-3p.

The only medical evidence about Ms. Dougan's intellectual disability is the 2007 psychological evaluation by Dr. De Roeck. The Addendum to Dr. De Roeck's report supports the ALJ's decision. In it, he says Ms. Dougan's "adaptive behavior functioning and general presentation suggests better ability. . . . Adaptive behavior deficits in two or more areas of adaptive functioning were not established. (Tr. 220) Dr. De Roeck therefore concluded, "a diagnosis of Mental Retardation was not given." *Id.* Yet, as Plaintiff points out, Dr. De Roeck also noted that she had difficulty performing tasks at an acceptable rate. (Tr. 223-4) And, "Apparently, her rate of work has been a problem on the job, as well, and caused her difficulty. . . Her primary difficulties are in the rate of work and there is a mild to moderate degree of difficulty with functional academics." (Tr. 224)

Ms. Dougan believes there is a significant conflict in Dr. De Roeck's report and the ALJ failed to resolve this conflict. I agree.

The Commissioner counters that the IQ tests are not indicative of Ms. Dougan's true intellectual abilities and she has failed to prove she meets the Listing's IQ requirement. There is indeed some evidence to support this conclusion in Dr. De Roeck's report. However, I find no basis to find the scores invalid and this undercuts the Commissioner's position. The Commissioner also downplays the impact of Ms. Dougan's obesity. But I find Plaintiff's "severe" obesity meets the second prong of the Listing - by definition.

While a close call given Ms. Dougan's proven abilities, I conclude the ALJ's decision on this point is not supported by substantial evidence. On remand, the Commissioner should order additional IQ testing or resolve the conflict in Dr. De Roeck's report. Lastly, the Commissioner should assess whether or not Ms. Dougan's obesity truly amounts to a "severe" impairment.

## IV.    CONCLUSION

A reasonable mind would not accept the evidence as adequate to support the ALJ's decision because the decision does not resolve the question of whether or not Ms. Dougan meets the requirements of Listing 12.05C. Therefore, the Court REVERSES the decision and REMANDS the case to the Commissioner for resolution of this question in accordance with this opinion.

This is a "Sentence Four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan*

*v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 22nd day of April, 2016.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE